IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | ) CIV. NO. 13-00335 DKW/RLP |
| Plaintiff, | ) |
| | ) ORDER DISMISSING COMPLAINT |
| vs. | ) AND DENYING TEMPORARY |
| | ) RESTRAINING ORDER |
| JASON AKASAKI, CATHY DOE, | ) |
| LYLE ANTONIO, DR. LIN, | ) |
| MAHINA DOE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER DISMISSING COMPLAINT
## AND DENYING TEMPORARY RESTRAINING ORDER

On July 5, 2013, Plaintiff, a prisoner incarcerated at the Halawa Correctional Facility ("HCF"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff alleges that HCF mental health care providers and a prison guard violated his constitutional rights on or about June 20, 2013 by injecting him with court-ordered medication. On July 17, 2013, Plaintiff submitted a Motion for A Temporary Restraining Order and Preliminary Injunction. Mot., ECF No. 6 ("TRO Motion"). For the following reasons, the Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C.

§ 1915A(b)(1) and § 1915(e)(2), with leave granted to amend. Plaintiff's TRO Motion is DENIED.

## I. BACKGROUND

### A. The Complaint

Plaintiff alleges that HCF mental health care providers Jason Akasaki and Nurse Cathy Doe violated his unidentified constitutional rights by directing Nurse Mahina to inject him with court-ordered anti-psychotic medicine, while Dr. Lin and Adult Correctional Officer ("ACO") Lyle Antonio observed and failed to intervene. *See* Compl., ECF No. 1. Plaintiff alleges this constitutes a threat to his safety, retaliation, and conspiracy.

Plaintiff states that, on April 24, 2013, the Honorable Richard K. Perkins, First Circuit Court, State of Hawaii, granted the Department of Public Safety's ("DPS") petition to involuntarily medicate Plaintiff with anti-psychotic drugs, including Risperdal.[1] *Id.* at PageID #5; *see also,* Pl. Ex., ECF No. 6-1, "Order Granting Department of Public Safety's Petition for an Order Authorizing Involuntary Medical Treatment, Including the Administration of Medication" ("Judge Perkins' Order"). Plaintiff says Judge Perkins' Order limited his

---

[1] Risperdal is an anti-psychotic drug that is used to treat mental/mood disorders, such as schizophrenia, bipolar disorder, and irritability associated with autistic disorder. *See* WebMD, http://www.webmd.com/drugs/drug-9846-Risperdal+Oral.aspx.

medication to oral rather than injectable Risperdal, unless Plaintiff refused to comply with the oral treatment. Compl., ECF No. 1 at PageID #5. Plaintiff says that although he has taken Risperdal orally since then, on June 20, 2013, Nurse Mahina injected him intramuscularly with Risperdal and Cogentin[2] on Akasaki's and Nurse Cathy Doe's orders. Plaintiff concludes that Akasaki and Nurse Cathy Doe ordered the injection in retaliation for his filing suit on April 2, 2013 in *Tia v. Suzuki*, Civ. No. 13-00157 LEK (D. Haw. 2013), complaining, *inter alia*, that DPS officials intended to seek a court order to involuntarily medicate him. Civil No. 13-00157 LEK was dismissed on May 16, 2013 for Plaintiff's failure to state a claim. *See id.* Plaintiff further alleges that Dr. Lin and ACO Antonio observed Nurse Mahina inject the court-ordered medication, but failed to act to prevent it. Plaintiff concludes that Defendants conspired against him and claims that Defendants' actions have put him in fear for his life.

**B.      TRO Motion**

In his declaration in support of his TRO Motion, Plaintiff states that he and Dr. Lin came to an agreement on July 5, 2013, wherein Plaintiff will allow injections of Risperdal and Cogentin every two weeks, if "the defendants stated

---

[2] Cogentin - generically Benztropine - is used to treat symptoms of Parkinson's disease or involuntary movements due to the side effects of certain anti-psychotic drugs. *See* Drugs.com: http://www.drugs.com/cdi/cogentin.html.

and their agents will cease to be in conspiracy and arbitrary and capricious with Plaintiff[']s safety and well being." Pl. Dec., ECF No. 6-3 PageID #39. Plaintiff refers to Dr. Lin as a "former defendant," apparently dismissing his claims against him. Mot., ECF No. 6-2 PageID #38. Plaintiff states that he received an injection of Risperdal and Cogentin on July 4, 2013 without incident. He seeks injunctive relief nonetheless, requiring Akasaki, Nurse Cathy Doe, and ACO Antonio to comply with his agreement with Dr. Lin, which he concedes are "Doctors Order." *Id.*

Plaintiff provides a copy of Judge Perkins' Order with his TRO Motion. *See* Ex., ECF No. 6-7. It shows that Plaintiff was present and represented by Deputy Public Defender Ronette Kawakami at the April 24, 2013 hearing on the DPS's motion to forcibly medicate Plaintiff. Judge Perkins found that Plaintiff is "mentally ill in that he suffers from Schizophrenia, Paranoid Type; Methamphetamine Abuse, in a Controlled Environment, and Methamphetamine Psychosis, by History." *Id.* PageID #47. Judge Perkins further found that "involuntary treatment [with] psychotropic medicine, including antipsychotic medications, to the [Plaintiff] is essential to forestall [Plaintiff's] danger to himself and/or others, and is in the [Plaintiff's] best interest." *Id.* PageID #48. Judge Perkins' Order states that HCF medical staff should first attempt to secure

Plaintiff's cooperation and permission, and before injecting the medicine intramuscularly, "the staff will first make all reasonable attempts to encourage the [Plaintiff] to take the prescribed medication orally." *Id.* Judge Perkins authorized any necessary medical tests, including blood draws as medically necessary." *Id.*, PageID #49. Finally, although she is not named as a Defendant nor mentioned in his TRO Motion, Plaintiff seeks an order requiring his court-appointed attorney, Ms. Kawakami, to respond to his requests for assistance. Pl. Dec., ECF No. 6-3 PageID #40.

## II. LEGAL STANDARD

The court must screen all civil actions brought by prisoners relating to prison conditions and/or seeking redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To

state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (stating that "we continue to construe pro se filings liberally"). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.   Threat to Safety**

Plaintiff does not dispute the legality of Judge Perkins' order to involuntarily medicate him. Rather, Plaintiff alleges that Defendants posed a "threat to [his] safety," apparently asserting an Eighth Amendment violation. The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). To comply with the Eighth Amendment, prison officials must provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Not every breach of that obligation is of constitutional magnitude, however.

To state a constitutional violation under the Eighth Amendment, a prisoner must allege that, objectively, the deprivation was sufficiently serious, and

subjectively, the prison official acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. To exhibit deliberate indifference, prison officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* must draw that inference. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Prison officials are deliberately indifferent when they "deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison medical personnel over the necessity for or extent of medical treatment amount to a constitutional violation. *See, e.g., Toguchi*, 391 F.3d at 1058. Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, rise to the level of a constitutional violation. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Accepting Plaintiff's facts as true and taken in the light most favorable to him, Plaintiff fails to demonstrate that Defendants acted with deliberate indifference to his serious medical needs. Plaintiff concedes that he is under court order to take anti-psychotic medication and does not challenge that order. Plaintiff

only complains that he received the court-ordered medication in a manner that he did not want: by injection rather than orally. Plaintiff therefore simply disagrees with the HCF medical providers' decision on the mode of delivery of the court-ordered anti-psychotic medication. This type of dispute does not implicate the Eighth Amendment. See *Toguchi*, 391 F.3d at 1058.

Nor do Plaintiff's facts support a claim of excessive force in violation of the Eighth Amendment. That is, he provides nothing showing that the injection was done in a wanton, cruel, and unnecessarily harsh manner. See *Jett*, 439 F.3d at 1096. To state an excessive force claim under the Eighth Amendment, a plaintiff must allege that the challenged force was applied for the purpose of causing harm, *i.e.*, "maliciously and sadistically," rather than for legitimate reasons, such as maintaining order or discipline in the prison. See *Wilkins v. Gaddy,* 559 U.S. 34, 40 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Plaintiff concedes that Nurse Mahina administered the injection, although allegedly at the direction of Nurse Cathy Doe and mental health assistant Akasaki, under the *direct supervision of Dr. Lyn*. He does not allege that the injection caused "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Nor does he allege that he was subjected to unreasonable physical force in connection with the injection. "Even assuming that [Plaintiff] found this experience uncomfortable,

frustrating and humiliating, on these facts, there is no viable Eighth Amendment claim." *Hamilton v. Brown*, 630 F.3d 889, 897 (9th Cir. 2011) (holding that reasonable use of force to obtain a DNA sample if the subject refused testing did not violate the Eighth Amendment).

Prison medical officials' decision to inject a medication rather than to administrate it orally to a prisoner does not support a finding that they acted with the necessary culpable state of mind to establish cruel and unusual punishment in violation of the Eighth Amendment. If it did, prison medical departments could be subject to suit for every vaccination, blood test, transfusion, and intravenous solution they administered to every prisoner. Plaintiff simply disagrees with the vehicle of administration of the medication because he prefers to take Risperdal orally. While Defendants *may* have violated a court order by administering the medication via injection, and this is unclear, they did not violate the Eighth Amendment.[3] Accordingly, Plaintiff has failed to state a claim for violation of the Eighth Amendment and his Eighth Amendment claims are DISMISSED.

---

[3] Judge Perkins' Order only requires the staff to make "reasonable attempts to encourage" Plaintiff to take his medication orally to avoid injections. The Order does not *prohibit* injections. Plaintiff provides insufficient details regarding the June 20, 2013 injection to draw any further conclusions.

## B. Fourteenth Amendment: Due Process

As explained to Plaintiff in Civ. No. 13-00157 LEK, prison officials may forcibly treat a mentally ill inmate with anti-psychotic drugs "if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Washington v. Harper*, 494 U.S. 210, 227 (1990); *Sell v. United States*, 539 U.S. 166, 180-81 (2003) (adopting a more restrictive standard for medicating a defendant facing trial than *Harper's* standard for medicating a convicted inmate to render him non-dangerous); *United States v. Loughner*, 672 F.3d 731, 745 (9th Cir. 2012) (discussing forcible medication of a pretrial detainee to render him competent to stand trial). Such forcible medication must be "'reasonably related to legitimate penological interests.'" *Harper*, 494 U.S. at 223 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Due process is satisfied if the inmate is provided with notice, the right to be present at an adversarial hearing, and the right to cross-examine witnesses. *Harper*, 494 U.S. at 233. To forcibly medicate a prisoner or pre-trial detainee, the court must find "overriding justification and a determination of medical appropriateness." *Riggins v. Nevada*, 504 U.S. 127, 135 (1992) ; *see also Harper*, 494 U.S. at 227.

Plaintiff does not allege facts suggesting that he was denied due process in the state court hearing before Judge Perkins, nor does he allege any facts suggesting that Judge Perkins erred in determining Plaintiff satisfied the criteria for forcible medication. Moreover, Plaintiff's exhibit shows that he was present and represented by counsel at the hearing and therefore had an opportunity to cross-examine and contest the DPS's witnesses and evidence. *See* Ex., ECF No. 6-7. Plaintiff challenges only Defendants' decision to alter his preferred method of delivery of the court approved involuntary medication. Although the court "must liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation omitted), the court is not required to make Plaintiff's case where he has failed to do so. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("[C]ourts should not have to serve as advocates for pro se litigants.").

Plaintiff's conclusory statements fail to provide sufficient facts to infer that Defendants violated his right to due process. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**C.     Conspiracy**

Plaintiff "feels" that Defendants conspired to inject him with Risperdal against his will.  Compl., ECF No. 1, PageID #7.  A conspiracy claim under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and "'an actual deprivation of constitutional rights,'" *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward Cnty., Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989)).  The Ninth Circuit applies a heightened pleading standard to conspiracy claims under § 1983 and has held that mere conclusory allegations of conspiracy (i.e. bare allegations that a defendant "conspired" with another) are insufficient to state a claim.[4]  *See Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *Buckey v. Cnty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  Vague and conclusory allegations with no supporting factual averments are insufficient to support a conspiracy claim under

---

[4] The Ninth Circuit has specifically held that conspiracy claims are subject to this heightened pleading standard because they require the plaintiff to show that the defendant agreed to join the conspiracy.  *See Harris*, 126 F.3d at 1195.  Although the Ninth Circuit eliminated the application of a heightened pleading standard to all cases where an improper motive is an element, it has not modified the requirement in regard to allegations of conspiracy.  *See Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

13

§ 1983.  *Woodrum*, 866 F.2d at 1126; *Aldabe v. Aldabe*, 616 F.2d 1089, 1090 (9th Cir. 1980).

Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  Plaintiff fails to establish a constitutional violation and his "feelings" are too vague and conclusory to state a conspiracy claim.  Plaintiff's conspiracy claims are DISMISSED.

**D.     Retaliation**

Plaintiff alleges that Akasaki and Nurse Cathy Doe acted in retaliation for Plaintiff's filing of Civ. No. 13-00157 LEK.  A viable First Amendment retaliation claim contains five elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct.  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff fails to allege sufficient facts demonstrating that Defendants' decision to inject him with Risperdal was motivated by his filing Civ. No. 13-00157 LEK. First, only Defendant Akasaki was named in Civ. No. 13-00157 LEK. Second, Civ. No. 13-00157 LEK was dismissed for failure to state a claim ten days after Plaintiff filed suit and judgment entered approximately one month later. *See* ECF No. 11 (Apr. 12, 2013 Order); ECF No. 25 (May 16, 2013 judgment). Akasaki was never served with the complaint, was likely never aware of the suit, and even if Defendants were aware, they were caused no discernible inconvenience by it. Plaintiff's threadbare conclusions of retaliation are insufficient for the court to plausibly infer that Defendants retaliated against him for filing Civ. No. 13-00157 LEK, by injecting him with court-ordered anti-psychotic medication under a doctor's supervision. Plaintiff's retaliation claim is DISMISSED for failure to state a claim.

## IV. **LEAVE TO AMEND**

Plaintiff's Complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint on or before **August 21, 2013,** curing the deficiencies noted above. The amended complaint must clearly designate that it is the "First Amended Complaint." It must be retyped or rewritten in its entirety on court-approved forms and may not incorporate any part of the original Complaint by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).

Plaintiff must write short, plain statements explaining: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  Plaintiff must repeat this process for each person named as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury alleged, the allegations against that Defendant will be dismissed for failure to state a claim.  Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed.

Claims that are dismissed herein with prejudice and without leave to amend need not be repled in the amended complaint to preserve them for appeal. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).  However, "claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived." *Id.* at 928.

## V.  28 U.S.C. § 1915(g)

If Plaintiff fails to file a sufficient amended complaint, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

16

Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 -

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. **TRO MOTION**

A plaintiff seeking a temporary restraining order or preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted); *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009). In cases brought by prisoners involving conditions of confinement, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff has agreed to accept injections of the court-ordered anti-psychotic medication, rendering his request for injunctive relief on this issue moot.

He also fails to establish the likelihood of success on his claims, irreparable harm in the absence of relief, or that the equities tip in his favor. To the extent he seeks injunctive relief requiring Ms. Kawakami to respond to his calls and letters and continue to represent him, his request is DENIED. The hearing on DPS's motion to involuntarily medicate Plaintiff has concluded; Ms. Kawakami has no duty to represent Plaintiff in his civil actions in state or federal court. The Motion for Temporary Restraining Order is DENIED.

## VII.  CONCLUSION

1. The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

2. Plaintiff may file an amended complaint on or before **August 21, 2013**. If Plaintiff fails to timely amend the Complaint or cure the deficiencies noted in this order, this action will be DISMISSED without further notice and the Clerk SHALL enter judgment stating that the dismissal was made pursuant to 28 U.S.C. § 1915.

3. The Clerk of Court is DIRECTED to forward a copy of the court's prisoner civil rights complaint and instructions to Plaintiff so that he may comply with this Order.

4. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED. Any other pending motions are DENIED until

Plaintiff submits a sufficient amended complaint.  Plaintiff is NOTIFIED that he may not file, and the court will take no action, on any motions he files until he has submitted a sufficient amended complaint that cures the deficiencies noted above.

DATED: Honolulu, Hawaii, July 22, 2013.

IT IS SO ORDERED.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

_____
*Tia v. Akasaki, et al.*, 1:13-cv-00335 DKW/RLP;G:\docs\DKW shared\WP Orders\Tia 13-335 dkw (forc. meds, 8th amd, consp. retal).wpd