IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, ) | CIV. NO. 13-00335 DKW/RLP |
| ) | |
| Plaintiff, ) | ORDER DISMISSING FIRST |
| ) | AMENDED COMPLAINT AND |
| vs. ) | ACTION |
| ) | |
| JASON AKASAKI, DEP'T. OF ) | |
| PUBLIC SAFETY, DR. SHEILA ) | |
| WENDLER, NURSE MAHINA DOE, ) | |
| RONNETTE KAWAKAMI, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION**

Before the court is Plaintiff's first amended complaint ("FAC") brought pursuant to 42 U.S.C. § 1983. FAC, ECF No. 10. Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF"). Plaintiff alleges that prison officials violated his constitutional rights by injecting him with court-ordered medication, rather than administering it orally, and that his court-appointed attorney ignored his requests for assistance. The FAC is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2).

## I. BACKGROUND

On April 24, 2013, the Honorable Richard K. Perkins, First Circuit Court, State of Hawaii, granted the Defendant Hawaii Department of Public Safety's ("DPS") petition to involuntarily medicate Plaintiff with anti-psychotic drugs, pursuant to Hawaii Revised Statutes §§ 353-13.6-13.9.  FAC Ex. 3, ECF No. 10-3 (Order Granting Department of Public Safety's Petition for an Order Authorizing Involuntary Medical Treatment, Including the Administration of Medication ("Judge Perkins' Order")).  Plaintiff was present and represented by Defendant Deputy Public Defender Ronette Kawakami at the April 24, 2013 hearing.

Judge Perkins found that Plaintiff is "mentally ill in that he suffers from Schizophrenia, Paranoid Type; Methamphetamine Abuse, in a Controlled Environment, and Methamphetamine Psychosis, by History."  *Id.* PageID #92.  Judge Perkins held that, "[e]ven considering other less intrusive treatment alternatives, which are not available to [Plaintiff] because of his refusal of medication, involuntary treatment of psychotropic medicine, including antipsychotic medications, to the [Plaintiff] is essential to forestall [Plaintiff's] danger to himself and/or others, and is in the [Plaintiff's] best interest."  *Id.* PageID #93.  Judge Perkins' Order provided that HCF medical staff should "first make all

reasonable attempts to encourage the [Plaintiff] to take the prescribed medication orally," before injecting the medicine intramuscularly. *Id.* Judge Perkins' Order further authorizes Defendants to perform "any necessary medical tests, including blood draws as medically necessary." *Id.*, PageID #94. Judge Perkins's Order was subject to review within three months of issuance, on or before July 24, 2013.[1]

       Plaintiff says he complied with Judge Perkins' Order to accept his medications orally, but Defendant Nurse Mahina nonetheless injected him intramuscularly with his antipsychotic medication without medical supervision in retaliation for his filing numerous suits against the DPS and Defendant Jason Akasaki. Plaintiff also complains that Defendant Dr. Sheila Wendler falsely testified at the April 24, 2013 hearing that he had a history of methamphetamine abuse and is in a controlled environment. Plaintiff alleges Kawakami failed to respond to his requests for assistance after this involuntary injection. Plaintiff concludes that Defendants conspired against him to violate his constitutional rights. Plaintiff asks this court to overturn Judge Perkins' Order authorizing his involuntary medication, and further seeks compensatory, punitive, and injunctive relief.

---

[1] Plaintiff signed his original complaint on July 1, 2013.

## II. **LEGAL STANDARD**

The court must screen all civil actions brought by prisoners relating to prison conditions and/or seeking redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (stating that "we continue to construe pro se filings liberally"). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III.  DISCUSSION

**A.  Due Process**

The Due Process Clause permits the state to treat an "inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Washington v. Harper*, 494 U.S. 210, 229 (1990); *Sell v. United States*, 539 U.S. 166, 180-81 (2003) (adopting a more restrictive standard for involuntarily medicating pre-trial defendants); *United States v. Loughner*, 672 F.3d 731, 745 (9th Cir. 2012) (discussing forcible medication of a pretrial detainee). Such

forcible medication must be "'reasonably related to legitimate penological interests.'" *Harper*, 494 U.S. at 223 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). To forcibly medicate a prisoner or pre-trial detainee, the court must find an "overriding justification and a determination of medical appropriateness." *Riggins v. Nevada*, 504 U.S. 127, 135 (1992); *see also Harper*, 494 U.S. at 227. As long as the decision to involuntarily medicate an inmate is made by unbiased medical professionals, the inmate is provided with notice, the right to be present at a hearing and the ability to cross-examine witnesses, due process is satisfied. *Id.* at 235. A judicial proceeding is *not* required if these procedural standards are met. *Id.*

Hawaii's statutory procedures for involuntary medication of an inmate clearly satisfy the minimum requirements of the Due Process Clause. In Hawaii, a court may order involuntary medication if it finds an inmate poses a danger to himself or others, the medication is medically appropriate, and, having considered less intrusive alternatives, forcible medication is essential to forestall the danger posed by the inmate to himself or others. Haw. Rev. Stat. § 353-13.6. The petition to medicate should be accompanied by an affidavit from a licensed physician or psychologist who has examined the inmate within two days of the petition's submission, unless the inmate refused to submit to examination. *See* Haw. Rev.

Stat. § 353-13.7.  Alternatively, if the inmate has been examined, evaluated, or treated in a psychiatric facility or by DPS within five days before filing the petition, and involuntary medication is recommended by DPS or facility staff, the DPS medical director or mental health administrator may submit such affidavit.  *Id.*  The inmate must be given, *inter alia*, notice, the right to be present at the hearing, court-appointed counsel (or the right to seek private counsel), and adequate time to investigate, respond, and present evidence.  Haw. Rev. Stat. § 353-13.9.  Moreover, at least one physician or psychologist who has personally examined the person must testify in person at the hearing, unless the inmate has refused an examination, in which case his or her refusal is treated as a denial of mental illness.  *Id.*

Plaintiff was present and represented by counsel at the April 24, 2013 hearing and had an opportunity to cross-examine and contest the DPS's witnesses and evidence.  *See* Ex.3, ECF No. 10-3.  Defendant Dr. Wendler is qualified in clinical psychiatry and medicine, submitted a treatment plan affidavit prepared within five days of the hearing, and testified at the hearing.  Judge Perkins found Plaintiff had refused treatment, posed a threat to himself and/or others, and that an

overriding justification warranted involuntary medication.[2] These procedures satisfy due process under federal law. To the extent Plaintiff alleges Ms. Kawakami violated his rights by failing to respond to his requests for assistance after the hearing concluded, he fails to state a claim. Ms. Kawakami's duty of representation ended when the hearing concluded and she has no duty to represent Plaintiff in civil actions in state or federal court. *See Lassiter v. Dept. of Soc. Serv.*, 452 U.S. 18, 25 (1981) (holding that prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake).

The only possible discernible violation Plaintiff alleges is that no family member was notified prior to the April 24, 2013 hearing, as required by Haw. Rev. Stat. § 353-13.8. At most, this represents a claim of noncompliance with Hawaii law, not a federal constitutional violation. Plaintiff fails to plead a viable due process claim under § 1983, and such claims are DISMISSED.

**B.     Threat to Safety**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

---

[2] Judge Perkins' Order does not *prohibit* injections, it only requires staff to make "reasonable attempts to encourage" Plaintiff to take his medication orally.

To comply with the Eighth Amendment, prison officials must provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state an Eighth Amendment violation, a prisoner must allege that, objectively, the deprivation was sufficiently serious, and subjectively, the prison official acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. To exhibit deliberate indifference, prison officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* must draw that inference. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Prison officials are deliberately indifferent when they "deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison medical personnel over the necessity for or extent of medical treatment amount to a constitutional violation. *See, e.g., Toguchi*, 391 F.3d at 1058. Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, rise to the level of a constitutional violation. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff is under court order to take antipsychotic medication, but complains that he was given the medication by injection rather than orally. That is, Plaintiff disagrees with the DPS' medical providers' decision concerning the mode of delivery of the court-ordered antipsychotic medication and the necessity for injection. This dispute does not implicate the Eighth Amendment. *See Toguchi*, 391 F.3d at 1058.

Moreover, Plaintiff's statement of facts does not show that the injection was done in a wanton, cruel, and unnecessarily harsh manner. See *Jett*, 439 F.3d at 1096. Nor does he allege that the injection was chosen to cause harm, *i.e.*, "maliciously and sadistically," rather than for the legitimate purpose of protecting the safety of Plaintiff and others as authorized by the state court. *See Wilkins v. Gaddy,* 559 U.S. 34, 40 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). And, "[e]ven assuming that [Plaintiff] found [the injection] uncomfortable, frustrating and humiliating, on these facts, there is no viable Eighth Amendment claim." *Hamilton v. Brown*, 630 F.3d 889, 897 (9th Cir. 2011) (holding that reasonable use of force to obtain a DNA sample if the subject refused testing did not violate the Eighth Amendment).

As Plaintiff was previously informed, DPS's medical officials' decision to inject his medication rather than administer it orally does not

demonstrate deliberate indifference to his serious medical needs. Plaintiff's Eighth Amendment claims are DISMISSED.

**C.    Conspiracy**

Plaintiff vaguely concludes that Defendants conspired to violate his constitutional rights. A conspiracy claim requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and "'an actual deprivation of constitutional rights,'" *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward Cnty., Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989)). The Ninth Circuit applies a heightened pleading standard to conspiracy claims under § 1983 and holds that mere conclusory allegations of conspiracy (*i.e.*, bare allegations that a defendant "conspired" with another) are insufficient to state a claim.[3] *See Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *Buckey v. Cnty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Plaintiff fails to establish an underlying constitutional violation and his vague and conclusory conspiracy allegations are DISMISSED.

---

[3] Conspiracy claims are subject to a heightened pleading standard because they require a plaintiff to show the defendant's concurrence in the conspiracy. *See Harris*, 126 F.3d at 1195; *see also, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

**D.    Retaliation**

Plaintiff alleges that Defendants retaliated against him for his filing suit against DPS and Akasaki.  A viable First Amendment retaliation claim contains five elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  The plaintiff bears the burden of demonstrating that the exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct.  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff fails to allege sufficient, plausible facts demonstrating that Defendants retaliated against him for filing previous suits against DPS and Akasaki.  First, most of Plaintiff's many actions have been dismissed long before service under 28 U.S.C. § 1915(g), or for failure to state a claim.[4]  Defendants are

---

[4] *See, e.g.*, *Tia v. Aiea Bd. of Water Supply*, No. 13-00194 JMS (D. Haw. Apr. 29, 2013); *Tia v. Borges*, No. 12-00158 HG, and App. No. 12-16158 (9th Cir. Aug. 9, 2012); *Tia v. Mollway*, No. 11-00421 JMS (D. Haw. Jul. 20, 2011); *Tia v. Baker*, No. 11-00098 HG (D. Haw. Mar. 9, 2011); *Tia v. Criminal Investigation Demanded*, Civ. No. 10-00383 SOM (D. Haw. Aug. 5, 2010); *Tia v. Fujita*, Civ. No. 08-00575 HG (D. Haw. Jan. 27, 2009).

therefore unaware of most of Plaintiff's suits and have suffered little or no inconvenience from them. Second, it is implausible that Defendants would falsify Plaintiff's medical history, suborn perjury, present false evidence, and persuade the State to move for involuntary medication simply to prohibit Plaintiff's numerous inconvenient, but largely inoffensive filings. Plaintiff's threadbare conclusions of retaliation are DISMISSED for failure to state a claim.

## IV. **NO LEAVE GRANTED TO AMEND**

"[A] party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile." *See Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012); *Lopez*, 203 F.3d at 1131. Moreover, when determining whether amendment would be futile, a court must examine whether the complaint can be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). That is, an amended complaint cannot allege facts inconsistent with the challenged pleading. *Id.* at 296-97. The district court's discretion to deny leave to amend is "particularly broad" where, as here, the plaintiff has previously filed an amended complaint. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003)

The FAC alleges facts inconsistent with the original complaint and it is apparent that any viable amendment would, by necessity, do the same. Plaintiff

has also already been given leave to amend and it is clear his pleadings' deficiencies cannot be cured by amendment.  The First Amended Complaint is DISMISSED without leave to amend.  Plaintiff is NOTIFIED that this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

## V.  CONCLUSION

The First Amended Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  The Clerk SHALL enter judgment stating that this dismissal was made pursuant to 28 U.S.C. § 1915.

// //

// //

// //

// //

Plaintiff is notified that this dismissal may later count as a strike pursuant to 28 U.S.C. § 1915(g).

        IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, September 9, 2013.



        /s/ Derrick K. Watson
        Derrick K. Watson
        United States District Judge

*Tia v. Akasaki, et al.*, 1:13-cv-00335 DKW/RLP;G:\docs\DKW shared\WP Orders\Tia 13-335 dkw (DSM FAC forc. meds, consp. retal).wpd

Peter R. Tia, #A1013142 v. Jason Akasaki, Dept; CV 13-00335 DKW RLP; ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION